IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANDREW C. LIVINGSTON, #2209959 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20cv522 |
| | § | |
| TERRY GILBERT, ET AL. | § | |

**INITIAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Andrew C. Livingston, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil lawsuit pursuant to 42 U.S.C. § 1983. (Dkt. #1). The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I.  BACKGROUND**

On February 10, 2023, the Court entered a Show Cause Order, directing that the Clerk of Court issue process and the United States Marshal serve Defendants. (Dkt. #34). On March 16, 2023, the "Process Receipt and Return" form from the United States Marshals Service concerning Plaintiff's case was returned to the Court unexecuted as to Defendant Holly Oliveira.[1] (Dkt. #39). The summons was returned, indicating that the Marshals Service was unable to locate Defendant Holly Oliveira. (Dkt. #39). On March 20, 2023, the Court advised Plaintiff of his obligation to provide the current addresses for Defendant Holly Oliveira so that service could be made on her

---

[1] The "Process Receipt and Return" forms also were returned unexecuted as to Defendants Christopher Keeland, Dick Roth, Donald Booe, Julie Pratt, Lacey Stewart, and Terry Gilbert. (Dkt. ##36-38, 40-42). Plaintiff has since provided updated addresses for these Defendants (Dkt. #56, p. 1) and summonses have been reissued as to these Defendants (Dkt. ##58-63).

1

and ordered Plaintiff to supply the United States Clerk's Office with her current address. (Dkt. #48). On April 24, 2023, the Court granted Plaintiff a fourteen-day extension of time in which to supply the Clerk's Office with Defendant Holly Oliveira's current address. (Dkt. #53). Plaintiff has since filed a response, stating that he has been unable to obtain an address for Defendant Holly Oliveira (Dkt. #56, p. 2, ¶ 3), and thus, another summons cannot be prepared and has not yet been sent to her.

## II.  DISCUSSION

It is undisputed that "[b]efore a[] federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Service of process in a federal action is governed generally by Rule 4 of the Federal Rules of Civil Procedure. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Fifth Circuit has held that a litigant's *pro se* status does not excuse failure to effect proper service. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). While a plaintiff proceeding *in forma pauperis* is entitled to rely on service by the United States Marshals Service and should not be penalized for failure of the Marshals Service to properly effect service of process where such failure is through no fault of the litigant, a plaintiff may not remain silent and do nothing to effectuate service, or to aid the effecting of such service. *Rochon v.*

*Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (responsibility of effecting service of process rests, at the end of the day, with the plaintiff).

In this case, the Court ordered that service be delivered to the Marshals Service (Dkt. #34), and the Marshal attempted to serve process at the last known address of Defendant Holly Oliveira (Dkt. #39). This comports with the dictates of Rule 4. *See Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 448 (5th Cir. 1996). When such service was returned unexecuted (Dkt. #39), the Court ordered Plaintiff to provide the correct address for Defendant Holly Oliveira so that service could be made on her. (Dkt. #48). The Court also provided Plaintiff an extension of time in which to provide the address. (Dkt. #53). Plaintiff has failed to provide the requested information so that summons may be prepared. The Court has given Plaintiff adequate opportunity to provide the requested information for preparation of service of process or request additional time to do so. On the instant record, the Court finds no good cause to extend the time for service. Because the Court is without personal jurisdiction over unserved defendants, Plaintiff's claims against Defendant Holly Oliveira should be dismissed under Rule 4(m). *See Stewart v. City of Irving*, No. 3:17-CV-3296-G-BK, 2018 WL 2323257, at *1 (N.D. Tex. Apr. 16, 2018) (recommending dismissal under Rule 4(m) for failing to serve or respond to the court's notice of impending dismissal), *report and recommendation adopted*, No. 3:17-CV-3296-G (BK), 2018 WL 10435253 (N.D. Tex. May 1, 2018); *Isom v. Infinity Cnty. Mutual Ins. Kemper Auto*, No. 4:21-CV-275-ALM-CAN, 2021 WL 3912192, at *2 (dismissing under Rule 4(m) where "Plaintiff [] wholly failed to comply with both the Federal Rules of Civil Procedure and the Court's Orders directing preparation of summons and service"), *report and recommendation adopted*, No. 4:21-CV-275, 2021 WL 3884220 (E.D. Tex. Aug. 31, 2021).

## III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiff's claims against Defendant Holly Oliveira be dismissed without prejudice under Federal Rules of Civil Procedure 4(m).

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 23rd day of May, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE