IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANDREW C. LIVINGSTON, #2209959 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20cv522 |
| | § | |
| TERRY GILBERT, ET AL. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff filed a motion to reconsider the final judgment in this case. (Dkt. #86). The United States Magistrate Judge issued a Report and Recommendation ("the Report") (Dkt. #74) containing proposed findings of fact and recommendations that Defendants' motions to dismiss (Dkt. ##35, 66) be granted. Specifically, the Magistrate Judge recommended the following: (1) Plaintiff's allegations do not demonstrate that the limitations period should be equitably tolled; thus, any claim based on events occurring before June 11, 2018, is time-barred and should be dismissed; (2) Plaintiff's claims against Defendants lack the requisite specificity and factual context to state a claim and should be dismissed with prejudice for failure to state a claim for which relief can be granted; (3) Plaintiff's allegations do not state viable constitutional violations; (4) to the extent Plaintiff's § 1983 claims rest on allegations that necessarily imply the invalidity of Plaintiff's conviction, the claims should be dismissed with prejudice until he can show he satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994); (5) Plaintiff's request for injunctive relief is moot; and (5) the dismissal should count as a strike pursuant to 28 U.S.C. § 1915(g). Plaintiff filed objections (Dkt. #81) to the Report.

After reviewing the Report and conducting a *de novo* review of Plaintiff's objections, the undersigned United States District Judge concluded that the findings and conclusions of the Magistrate Judge were correct, adopted the Report, granted Defendants' motions to dismiss (Dkt.

1

##35, 66), and dismissed Plaintiff's claims against Defendants with prejudice. (Dkt. ##82, 83). Final Judgment was entered on February 8, 2024. (Dkt. #83).

On February 21, 2024, Plaintiff filed a "motion for extension of time to file motion to reinstate" (Dkt. #84), which the court construed as a motion for leave to file a motion to reconsider the court's dismissal of his claims against Defendants (Dkt. #85). On March 27, 2024, the court granted Plaintiff a thirty-day extension in which to file his motion to reconsider. (Dkt. #85). On April 9, 2024, Plaintiff filed the instant motion to reconsider. (Dkt. #86).

Because the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004), such motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). If the motion was filed within twenty-eight days after the entry of judgment, it is analyzed under Rule 59, and, if it was filed outside of that time, it is analyzed under Rule 60. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . ."). Plaintiff filed a motion for an extension of time to file his motion for reconsideration within twenty-eight days after entry of final judgment. (Dkt. #84). The court granted Plaintiff an extension (Dkt. #85), and thus considers this motion to reconsider the final judgment to be timely filed under Rule 59(e).

A motion to alter or amend under Rule 59(e) "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments

2

which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A district court has "considerable discretion" to grant or deny a motion under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

In his motion, Plaintiff asserts that the court erroneously adopted the United States Magistrate Judge's "misstatement" in the Report (Dkt. #74) that Plaintiff had "inadequate access" to a law library, as opposed to "no access" to a law library, which, Plaintiff argues, entitles him to equitable tolling. In the Report, the Magistrate Judge correctly observed that Plaintiff's allegations regarding lack of access to the prison law library, denial of access to legal materials, and/or lack of legal counsel, to the extent alleged in support of tolling, fail to establish extraordinary circumstances worthy of equitable tolling, and analogous contentions have been deemed insufficient by the Fifth Circuit. (Dkt. #74, p. 11) (citing cases). The court does not find that the Report contained any misstatement of fact, which when relied upon by the court, resulted in a manifest error of law. Plaintiff states no facts or case law supporting his contention that his case was erroneously dismissed with prejudice. He offers nothing to show that the court's judgment was incorrect.

It is accordingly **ORDERED** that Plaintiff's motion to reconsider (Dkt. #86) is **DENIED**.

**SIGNED this the 6th day of August, 2024.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

3